******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* STANLEY MORRIS
(AC 40453)

Sheldon, Prescott and Elgo, Js.

*Syllabus*

The plaintiff in error, D Co., a bail bonds company, brought this writ of error from the order of the trial court denying its motion for release from its obligations under a certain surety bail bond that it had posted on behalf of the defendant in the underlying criminal action. D Co. claimed that the trial court violated its right to due process in numerous ways during the adjudication of the bond forfeiture proceedings. *Held* that the trial court properly denied D Co.'s motion for release from its surety obligations; although D Co.'s unpreserved claims that the trial court violated its right to due process during the adjudication of the bond forfeiture proceedings were reviewable under *State* v. *Golding* (213 Conn. 233), D Co.'s right to due process was not infringed in any manner.

Argued April 23—officially released July 3, 2018

*Procedural History*

Writ of error from the order of the Superior Court in the judicial district of Stamford-Norwalk, geographical area number twenty, *Hernandez, J.*, denying a motion filed by the plaintiff in error for release from certain surety bond obligations, brought to the Supreme Court, which transferred the matter to this court. *Writ of error denied.*

*Thomas Becker*, for the plaintiff in error (Dad's Bail Bonds, LLC).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Richard J. Colangelo, Jr.*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the defendant in error (state).

*Opinion*

PER CURIAM. The plaintiff in error, Dad's Bail Bonds, LLC, brings this writ of error challenging the judgment of the trial court denying its motion for release from surety obligations arising out of a $45,000 bond it had posted on behalf of the defendant in the underlying criminal case, Stanley Morris. After Morris failed to appear in court as required, the court ordered the bond forfeited. The plaintiff in error claims that the trial court violated its right to due process in numerous ways during the adjudication of its motion for release and that, pursuant to General Statutes § 54-65c, it was entitled to release from its surety obligation.

The plaintiff in error's procedural due process claims were not preserved below, and we have, therefore, reviewed them pursuant to the standard set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). Having thoroughly reviewed the record, we are not persuaded that the plaintiff in error's right to due process was infringed in any manner. We also conclude that the court properly denied the plaintiff in error's motion for release from its surety obligations. Accordingly, we affirm the judgment of the trial court denying the plaintiff in error's motion for release.

The writ of error is denied.

--------------------------